### In re MORAINE HOTEL CO.

### CHICAGO TITLE & TRUST CO. v. KLEIN.

Circuit Court of Appeals, Seventh Circuit.
Oct. 19, 1939.

Rehearing Denied Dec. 5, 1939.

Robert F. Carey, of Chicago, Ill., for appellant.

Howard D. Moses, of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order of the District Court directing appellant to turn over and convey real estate known as the Edgecliff property to appellee, trustee in bankruptcy of the Moraine Hotel Company, bankrupt.

The bankrupt, prior to its adjudication as such, was an operating corporation which operated a hotel and owned all of the furniture and fixtures therein. The Board of Directors consisted of five members, three. of whom were Frederick W. Cushing, president, and his two daughters, Catherine Cushing Trimble, secretary, and Margot Cushing Small. There were 352 outstanding shares of stock, all of which, except 10 shares, was owned by Cushing and his two daughters. The hotel itself and the land upon which it was situated was likewise owned by Cushing and his daughters.

The bankrupt never at any time was the owner of real estate except the Edgecliff property in controversy. This property was a residence property used by the bankrupt in the housing of its employees, purchased by Cushing with money of the bankrupt, with legal title in Cushing. In other words, this property ·was held by Cushing as trustee for the hotel corporation.

The title to the hotel real estate owned by Cushing and his daughters was held in a land trust of which appellant was trustee. The purpose of this trust was to secure a bond issue on which Cushing, but not the hotel company, was liable.

In January, 1933, Cushing was unable to meet the interest payments on the bonded indebtedness. At that time his daughter, Catherine . Cushing Trimble, advanced the sum of $8,000 for such purpose. The ledger sheet of the bankrupt corporation discloses that the account of Mrs. Trimble was credited with this amount. The ledger also discloses that immediately thereafter the same amount was applied on the payment of interest and charged against the account of Cushing. Cushing as a witness testified to the effect that the $8,000 advanced by Catherine Cushing Trimble was a loan to him for the purpose of paying interest due upon his bonded indebtedness.

In July, 1933, the property in controversy was conveyed by Cushing to his daughter, Catherine Cushing Trimble, in payment of the loan, and the account of Catherine Cushing Trimble, on the ledger of the hotel corporation, was charged with the amount of the loan.

Thereafter, in the fall of 1933, the bonds being in default in the principal sum of $53,000, plus certain interest, Cushing commenced negotiations with appellant for an extension or forbearance of the amount due.

On June 8, 1934, an instrument was executed designated as a "forbearance agreement," the parties to which were appellant, Cushing, and the Moraine Hotel Company. By the terms of this agreement time was extended to Cushing for some two years to make payment upon the defaulted bonds. As consideration for this agreement, Cushing assigned to appellant all of the stock in the corporation, assign-

ed certain other property interests owned by him, and the hotel corporation executed to appellant a chattel mortgage upon its personal property. Nowhere in the "forbearance agreement" is the property in controversy mentioned or referred to. It appears, however, that on December 29, 1933, Catherine Cushing Trimble and her husband conveyed this property to Maurice J. Flynn, which deed was recorded March 28, 1935. We find nothing in the record which discloses the purpose or conditions under which the grantors made this conveyance.

On June 8, 1934 (the same date as the execution of the "forbearance agreement"), Maurice J. Flynn, the grantee in the deed, executed what is designated as a declaration of trust, which was signed by him individually. This declaration, in substance, recites that the title to the property in controversy was taken by him to further secure the undertakings of Cushing and the Moraine Hotel Company to appellant under the "forbearance agreement." Flynn agreed to convey the property "pursuant to directions of the Moraine Hotel Company, provided such directions are approved by the Chicago Title and Trust Company."

In April, 1936, the Moraine Hotel Company, by Frederick W. Cushing, the president, and Catherine C. Trimble, its secretary, executed the following assignment to the property in controversy:

"To Maurice J. Flynn:

"For Value Received the undersigned hereby sells, assigns, transfers and sets over unto Joseph C. Gross all its rights, powers, privileges and beneficial interest in and to that certain declaration of trust executed by you dated the 6th day of June, A. D. 1934."

Gross, the nominee of appellant, notified Flynn to convey the property to appellant as trustee, and in compliance therewith the property was thus conveyed April 20, 1936.

An involuntary petition was filed against the Moraine Hotel Company May 27, 1936, and it was adjudicated a bankrupt December 29, 1936. The matter here in controversy was referred to a special commissioner May 18, 1938, and a report made by him June 27, 1938. The special commissioner recommended that appellant be directed to turn over and convey the property in controversy to appellee. Excep-

tions were filed to the report and, upon hearing, the recommendation of the special commissioner was approved by the District Court November 2, 1938, and from this order appellant appeals.

While the parties do not entirely agree as to what, under the petition and answer, constitutes the issue in contest, yet we think it may be stated, as it was by the special commissioner, "Who is now the rightful owner of the Edgecliff property"?

 Appellant predicates its claim, to a large extent, upon the theory that the loan of $8,000 made by Catherine Cushing Trimble was to the Moraine Hotel Company rather than to her father. It relies upon the ledger sheets of the corporation in support of this theory. It argues from this premise that the corporation, having been the recipient of $8,000, must be held to have received adequate consideration for the property in question, later conveyed to Catherine Cushing Trimble, and that she, therefore, became the equitable, as well as the legal, owner of the same. The special commissioner made a finding as follows: "Mr. Cushing was the actual recipient of Mrs. Trimble's loan of $8000 and applied it to his personal indebtedness." True, the special commissioner in his report made reference to the fact that the money was paid by Mrs. Trimble to the corporation and from this appellant argues that his findings are inconsistent. We do not believe there is merit in this contention. It is true, according to the ledger sheets, the money passed through the hands of the corporation, but this was merely a bookkeeping transaction and affords little, if any, support to appellant's contention in view of the direct evidence to the contrary. The books themselves disclose that immediately after the money was received by the corporation it was paid out on the indebtedness of Cushing, and not the corporation. In our opinion, the finding of the Commissioner in this respect is amply supported by the record and we must accept it. It follows that the hotel corporation, notwithstanding the conveyance to Catherine Cushing Trimble, remained the equitable and actual owner of the property in controversy and that she acquired nothing more than the naked legal title.

 Appellant further argues that it was an innocent taker of the property in controversy. This argument is predicated upon the fact that Catherine Cushing

Trimble held the legal and record title to the property and that appellant had no knowledge of any title or claim of the Moraine Hotel Company; that the property was conveyed by Catherine Cushing Trimble to Maurice J. Flynn as part of the consideration for the "forbearance agreement." It is true, this argument finds some support in the declaration of trust executed by Flynn, but we do not think it can be maintained in view of the fact that the "forbearance agreement" makes no mention of the Edgecliff property, notwithstanding the fact that the various items constituting the consideration for that agreement were minutely set forth. Another reason why this argument cannot prevail is the fact that the declaration of trust upon which appellant specifically relies makes the conveyance of the property subject to the directions of the Moraine Hotel Company. At that time, if not before, appellant must have had knowledge that the hotel company had an interest in the property, otherwise it is difficult to conceive the occasion for making its conveyance subject to the directions of the hotel company. With knowledge that it had an interest, we should think it would have been appellant's duty to investigate and determine the extent of its interest, and this it would have had no difficulty in doing because of its intimate knowledge of the financial condition of both Cushing and the corporation.

We therefore conclude that appellant acquired no interest in the property greater than that owned by Catherine Cushing Trimble, through whom it claims title, and as she acquired nothing but the legal title, it follows that nothing more was acquired by appellant, and that the Moraine Hotel Company, at the time of its adjudication in bankruptcy, remained the actual and equitable owner of the property. The purported assignment to appellant by the bankrupt within four months prior to the filing of the bankruptcy petition was without consideration and void. Sec. 96, Title 11 U.S.C.A. Appellant argues that at the time of the assignment, there was $28,000 due it under the "forbearance agreement" and that inasmuch as the Edgecliff property was only worth about one-third of that amount, the bankrupt received adequate consideration. This argument is not tenable for the reason that the $28,000 debt was that of Cushing and not that of the corporation.

The order appealed from is affirmed.