**In re MORAINE HOTEL CO.**

**KLEIN v. CUSHING.**

**No. 7779.**

Circuit Court of Appeals, Seventh Circuit.

Feb. 4, 1942.

Howard Moses, Chas. Weinfeld, Emanuel Morris, Maurice Weinzelbaum, and Marvin Wallach, all of Chicago, Ill., for appellant.

Joseph L. McNab, Samuel S. Holmes, Albert S. Long, Allan W. Cook, and Joseph T. Scott, all of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Appellant, the trustee in bankruptcy of the Moraine Hotel Company, appeals from an order of the District Court directing him to discontinue further action on a certain petition theretofore filed by him, on the ground that it lacked jurisdiction in a summary proceeding to grant the relief prayed, but granting him leave to file a plenary action for the same relief.

The petition and exhibits attached thereto set up the following facts: On June 7, 1934, the bankrupt executed its note payable to Frederick Cushing, appellee here, for $15,035, secured by chattel mortgage, which it executed on June 8, 1934. (The consideration for such note, if any, does not appear of record.) Cushing was the president of the bankrupt corporation, and its principal stockholder. The bankrupt owned its furniture and fixtures, while the hotel and the land on which it was located belonged to Cushing, title being held in a land trust, No. 8408, of which the Chicago Title and Trust Company, hereafter referred to as the Trust Company, was trustee. The note and chattel mortgage were deposited with and assigned to the Trust Company in accordance with the provisions of a collateral agreement of June 8, 1934, which recited that Cushing had defaulted in the principal and interest payments due on a certain bond issue of $325,000 on the Moraine Hotel, and that in consideration of forbearance on the part of the owners of the defaulted bonds from bringing suit before January 1, 1936, Cushing delivered to the Trust Company as trustee, certificates representing all the shares of capital stock in the Hotel Company, the promissory note for $15,035 executed by the Hotel Company to Cushing and the chattel mortgage securing it, and assignment of his beneficial interest

in the real estate on which the hotel was located. The bankrupt was not at any time indebted to the Trust Company. However, in order to obtain the forbearance agreement on his personal liability on the $325,000 bond issue, Cushing agreed to and did on June 9, 1934, have the Hotel Company execute to the Trust Company a chattel mortgage, pledging all its furniture, fixtures and equipment as additional security. By virtue of this transaction the Hotel Company became a guarantor of the personal obligations of Cushing. Subsequently, on March 25, 1936, the Trust Company foreclosed this chattel mortgage, bidding the sum of $25,000 at a sale of the goods covered thereby. The petition asserts that this chattel mortgage, executed June 9, 1934, was inferior and subject to that to Cushing executed on June 8, 1934.

On March 1, 1936, Cushing and the Trust Company entered into the Moraine Hotel Liquidation Trust agreement for the purpose of acquiring title to the real estate and the furniture, fixtures and equipment purchased at the foreclosure sale. On March 14, 1936, the same parties entered into a takeover agreement under the terms of which Cushing deeded the real estate to the Trust Company which accepted it in full satisfaction of the bond indebtedness of $325,000, provided the Trust Company was able to deliver all of the outstanding bonds and unpaid interest coupons marked paid and cancelled within a period of six months. If this condition were not carried out, the Trust Company was to reassign to Cushing the real estate, and transfer the personal property involved in the collateral agreement (including the $15,035 note and chattel mortgage). At the same time the parties executed an option agreement that Cushing might buy back the property on or before March 1, 1938, for $450,000, but if he failed to exercise such option, the Trust Company was to deliver to him a certificate for 149 units of one dollar par value each in the liquidation trust. The period for delivery of the bonds and interest coupons to Cushing under the takeover agreement was later extended by supplemental agreement of October 1, 1936, to January 2, 1937.

The petition asserts that the Trust Company did not deliver the cancelled bonds and interest coupons in accordance with the takeover agreement, hence Cushing became entitled to a reconveyance of the real estate and the personal property acquired by the foreclosure sale. It further asserts that the Hotel Company as guarantor of the personal obligations of Cushing to the Trust Company, and appellant as trustee in bankruptcy of the former company, became subrogated to the rights of Cushing "by virtue of the foreclosure sale of the said chattel mortgage executed by Moraine Hotel Company to the (Trust Company) dated June 9, 1934," and with respect to the securities, property or collateral deposited with the Trust Company, and to any and all rights arising under the takeover agreement and any other agreements set forth in or attached to the petition. The petition further asserts that although the Trust Company under the terms of the collateral agreement of June 8, 1934, had the right to sell the chattel mortgage executed by the Hotel Company to secure its note to Cushing for $15,035, it did not do so, and that mortgage was not used in satisfying the indebtedness of Cushing for the bond issue of $325,000, hence Cushing was entitled to the return of the mortgage, to which right petitioner is entitled by subrogation.

On the basis of the foregoing facts set out in the petition, appellant prayed an order finding him subrogated to all rights of Cushing in the chattel mortgage securing the note for $15,035, as well as those arising under the takeover and option agreements; that the supplemental agreement of October 1, 1936, entered into after commencement of the bankruptcy proceedings was void; that the Trust Company should deliver to petitioner the chattel mortgage and all the real and personal property turned over to it under the takeover agreement; that the chattel mortgage of June 8, 1934, was a valid lien and that petitioner be directed to foreclose it.

It is to be noted that none of the property described in the petition, real or personal, is in the hands of the trustee in bankruptcy, but all is in the possession of the Trust Company under the provisions of the liquidating trust.

Appellee, a resident of the state of California, filed special appearance for the purpose of questioning the jurisdiction of the court over the subject matter of the petition, and over him. Appellant contends that appellee is not a necessary party to the proceeding for the reason that the Trust Company which holds all the subject matter involved is before the court

and does not question the court's jurisdiction. He also contends that the court has already taken jurisdiction over the same property for other purposes, and that such jurisdiction continues for purposes of this proceeding. We assume that this contention has reference to the subject matter of an order of November 2, 1938, relating to the validity of the chattel mortgage of June 9, 1934, and the legality of the foreclosure sale thereunder, and the relative rights of the trustee in bankruptcy and the Trust Company in a piece of real estate known as the Edgecliff property, purchased in the name of Cushing but paid for out of funds of the bankrupt.

By the order of November 2, 1938, the court denied the petition of the trustee in bankruptcy, appellant here, to have the chattel mortgage of June 9, declared invalid and the foreclosure void, without prejudice, however, to his right to file a petition for reclamation of the chattel mortgage and note for $15,035 to Cushing, and for subrogation to Cushing's rights in the securities, property, or collateral delivered to the Trust Company. The petition here involved was filed November 14, 1938, apparently in response to the suggestion there made. The order of November 2, also directed the Trust Company to turn over and convey the Edgecliff property to the trustee in bankruptcy. The latter took no appeal from denial of his petition relating to the validity of the June 9 mortgage. The Trust Company appealed from that part of the order relating to the Edgecliff property, and the turnover order was affirmed by this court. See In re Moraine Hotel Co., 7 Cir., 107 F.2d 550.

We think the earlier appeal furnishes no guide to our decision of this one. The bankruptcy trustee there challenged the title of the Trust Company to the Edgecliff property, which the District Court directed turned over to him. This court called attention to the fact that the property was not mentioned in the forbearance agreement which did, however, specifically cover the property here involved. No question was there raised as to the character of the proceeding or whether Cushing's rights were in any way involved. Here, however, appellant does not challenge the proceedings by which the Trust Company came into ownership and possession of the property—he merely asserts a lien on it arising out of Cushing's relationship to it and to the bankrupt.

It does not appear that Cushing has ever been before the court as a party in any of the proceedings. He appeared as a witness in the hearing which preceded the order of November 2, 1938, but only the Trust Company and the trustee in bankruptcy were parties to that order.

■ Appellant contends that the question of jurisdiction over the subject matter is res judicata, referring to the fact that neither appellee nor the Trust Company raised any question as to the provision regarding the petition for subrogation, and later filed no petition to review an order of June 1, which recited that the court had jurisdiction of the subject matter of the petition filed November 14, 1938. We see no reason why they should have raised any question to the first part of the order, "without prejudice to the right of (appellant) to file his petition for subrogation" until the petition was actually filed, at which time Cushing filed his special appearance. Nor was there any occasion for Cushing to challenge the assumption of jurisdiction over subject matter when the court specifically held that he was not a party to the proceeding and that his interest could not be reached by summary procedure. The Trust Company has not questioned the jurisdiction of the subject matter or the person—in fact it did not join in the appeal now before us. However, we do not understand that its relationship to appellee was such that its consent to the jurisdiction of the court conferred jurisdiction over appellee.

■ The question, then, appears to be whether the fact that the bankrupt pledged what appears to have been all its personal property, by mortgage subsequently foreclosed, to secure the personal obligation of its principal stockholder, entitled its trustee in bankruptcy to maintain a summary proceeding to reach that property in the hands of the purchaser at a foreclosure sale who happened to be trustee for certain beneficiaries including the principal stockholder, and who did not question the court's jurisdiction, when the basis for the claim lay in an alleged superior lien in the stockholder. We are convinced that the negative answer of the District Court was correct. The property was not and never had been in the

possession of the trustee in bankruptcy, having been transferred to the Trust Company in March, 1936, prior to the filing of the involuntary petition in bankruptcy in May, 1936, and adjudication in December, 1936. The proceeding here is not to reach that property by challenge to that mortgage or its foreclosure, but instead to prove a superior claim in it for the benefit of Cushing, and then to obtain subrogation to that alleged superior claim. We find no procedure by which the rights and obligations of a person can be determined by a proceeding in which he is neither an actual nor a necessary party. Hence, in the absence of consent by Cushing to submit himself to the jurisdiction of the court in a summary proceeding, appellant's only mode of procedure is by plenary action, as held by the District Court.

Judgment affirmed.